IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CAROLYN WRIGHT LAMAR, <br><br> *Plaintiff*, <br><br> v. <br><br> TROY MEINK, *Secretary of the Air Force*, <br><br> *Defendant*. | CIVIL ACTION NO. <br> **5:26-cv-00209-TES** |

ORDER DENYING MOTION TO APPOINT COUNSEL

Pro se Plaintiff Carolyn Wright Lamar has asked the Court to appoint her counsel, presumably pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff's request for court-appointed counsel is **DENIED**. [Doc. 3].

"A plaintiff in a civil case has no constitutional right to counsel . . . ." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). While courts have "broad discretion" in determining whether to appoint counsel, such appointments are a privilege and are "justified only by exceptional circumstances" such as the presence of "facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citing *Dean v. Barber*, 951 F.2d 2110, 1216 (11th Cir. 1992)); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (alteration adopted); *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo*, 983 F.2d at 193.

On the Court's initial review of her complaint, Plaintiff's case does not demonstrate "exceptional circumstances" to warrant appointment of counsel. [Doc. 1]. "Where the facts and issues are simple, [a pro se litigant] usually will not need such help." *Kilgo*, 983 F.2d at 193. Not only are Plaintiff's legal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, fairly straightforward, but she states that she has already "initially processed" "this . . . discrimination case" with the Equal Employment Opportunity Commission. [Doc. 3, p. 1]; *see also* [Doc. 1, p. 7 (Plaintiff's notation that the Equal Employment Opportunity Commission issued a right to sue letter on March 2, 2026)]. Clearly, Plaintiff is able to represent herself, and while there may be a benefit from having the assistance of a lawyer, that's not the standard that guides determinations for an appointment of counsel. *See Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014). The presence of "facts and legal issues which are so novel or complex" guides such determinations, and although minimal, the factual allegations on which Plaintiff rests her claims are not so novel, unusual, or complex to justify the appointment of counsel. *Kilgo*, 983 F.2d at 193.

Accordingly, the Court **DENIES** Plaintiff's request for court-appointed counsel. Should her claims become complex and necessitate court-appointed representation, the Court will appoint counsel ***on its own motion***. *See Bryant v. Clark*, No. 20-14470-G, 2021 WL 5919851, at *1 (11th Cir. June 14, 2021) (noting that the denial of a motion for

appointment of counsel in a civil case is not immediately appealable).

**SO ORDERED**, this 27th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**